IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT JOHN SIMMONS, Individually And as Representative of the ESTATE OF GEORGIA ANN SIMMONS, JEFFREY ROBERT SIMMONS, and SHERRI RENE BOWMAN, <br>     *Plaintiffs*, <br><br> v. <br><br> JOE M. FINCH, PsyD; KRANTI PURIMETLA, MD; AILEE FISHER, MD; RHONDA MIRANDA, RN; THE TEXAS DEPARTMENT OF STATE HEALTH SERVICES, <br>     *Defendants.* | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:14-cv-00488 |

## MOTION TO DISMISS

TO THE HONORABLE JANE BOYLE:

Defendant The Texas Department of State and Health Services ("DSHS"), and individual Defendants Joe M. Finch, PsyD; Kranti Purimetla, MD; and Aileen Fisher, MD, file this *Motion to Dismiss* pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

As explained in more detail in the accompanying Memorandum, Defendants would respectfully show the following:

   1. Eleventh Amendment immunity acts as a jurisdictional bar to the three state tort claims against DSHS (Counts 3, 4, and 5), preventing them from being heard in federal court.

   2. To the extent Plaintiffs are asserting their own "third-party" Section 1983 claims based on alleged violations of her constitutional rights (Counts 1-2), those claims are jurisdictionally barred due to lack of standing.

3. Plaintiffs do not allege that Dr. Purimetla and Dr. Fisher acted with "deliberate indifference" to Ann Simmons' constitutional rights, and fail to allege facts as to how the doctors failed to "exercise professional judgment." Moreover, Plaintiffs fail to plead facts that would overcome the doctors' qualified immunity for Counts 1 and 2. Accordingly, those claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

4. Plaintiffs fail to allege facts that show Joe Finch had actual or constructive awareness of a danger to Ann Simmons, or that he consciously disregarded that danger, and have thus failed to allege facts that would show "deliberate indifference." Plaintiffs further fail to plead facts that would overcome the Mr. Finch's qualified immunity for Counts 1 and 2. Accordingly, those claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

***

For the reasons stated above, the Court should dismiss the claims against DSHS, Dr. Purimetla, Dr. Fisher, and Joe Finch, tax costs against Plaintiffs, and afford Defendants all other relief to which they are justly entitled.

DATE: April 1, 2014                     Respectfully submitted,

                                        GREG ABBOTT
                                        Attorney General of Texas

                                        DANIEL T. HODGE
                                        First Assistant Attorney General

                                        DAVID C. MATTAX
                                        Deputy Attorney General for Defense Litigation

                                        JAMES "BEAU" ECCLES
                                        Division Chief - General Litigation

                                        /s/ Drew L. Harris
                                        **DREW L. HARRIS**
                                        Assistant Attorney General

>State Bar No. 24057887
>Office of the Attorney General
>P.O. Box 12548, Capitol Station
>Austin, Texas  78711-2548
>(512) 463-2120
>(512) 320-0667 (FAX)
>drew.harris@texasattorneygeneral.gov
>
>**ATTORNEYS FOR DEFENDANTS DSHS, D JOE FINCH, DR. KRANTI PURIMETLA, and DR. AILEEN FISHER**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent on this the 1st day of April, 2014, to:

Peter Hofer
Liane Janovsky
DISABILITY RIGHTS TEXAS
*Attorneys for Plaintiff*
*Via* Electronic Filing Notification System

Rhonda Miranda
*Pro Se* Defendant
*Via* email to Rhonda.miranda13@gmail.com

>/s/ Drew L. Harris
>DREW L. HARRIS